JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

14-Q-7057

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Edward Dominick
4539 N. Carlisle Street
Phila, PA 19140

**(b)** County of Residence of First Listed Plaintiff _Philadelphia_
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Guy R. Sciolla, Esq.
100 S. Broad St., Ste 1910
Philadelphia, PA 19110 (215) 972-1544

## DEFENDANTS

City of Philadelphia, et al.
1515 Arch St., 14th Floor
Philadelphia, PA 19102 _Philadelphia_

County of Residence of First Listed Defendant _Philadelphia_
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

14 7057

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **PROPERTY RIGHTS** ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards Act | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Sec 1983

Brief description of cause:
False Arrest

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 250,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE Paul S. Diamon

McGill vs. Liciardello, et al.

DOCKET NUMBER 12-5690

DATE

SIGNATURE OF ATTORNEY OF RECORD

DEC 12 2014

## FOR OFFICE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE S.T.

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**14 7057**

Address of Plaintiff: 4539 N. Carlisle Street, Phila. , PA 19140

Address of Defendant: 1515 Arch St., 14th Fl., Phila., PA 19102

Place of Accident, Incident or Transaction: 4558 Mole Street, Phila., PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☐

Does this case involve multidistrict litigation possibilities?  Yes☐ No☐
*RELATED CASE, IF ANY:*
Case Number: 12-5690 Judge Diamond Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _____ , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DEC 12 2014**

DATE: _____ _____ _____
Attorney-at-Law Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/12/14 _____ 1905|
Attorney-at-Law Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Edward Dominick | : | CIVIL ACTION |
| | : | |
| v. | : | **14   7057** |
| City of Philadelphia | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 12/12/14 | | |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-972-1544 | 215-972-1545 | guyrsciolla@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC 12 2014

| | |
|---|---|
| EDWARD DOMINICK<br>4539 N. Carlisle Street<br>Philadelphia, PA 19140<br>      *Plaintiff,*<br><br>      v.<br><br>CITY OF PHILADELPHIA<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>      and<br>POLICE OFFICER PERRY BETTS #6761<br>PHILADELPHIA POLICE DEPARTMENT<br>*individually and in his official capacity*<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>      and<br>POLICE OFFICER THOMAS LICIARDELLO #4383<br>PHILADELPHIA POLICE DEPARTMENT<br>*individually and in his official capacity*<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>      and<br>SERGEANT JOSEPH MCCLOSKEY #331<br>PHILADELPHIA POLICE DEPARTMENT<br>*individually and in his official capacity*<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>      and<br>POLICE OFFICER ROBERT OTTO #413<br>PHILADELPHIA POLICE DEPARTMENT<br>*individually and in his official capacity*<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102,<br>      and<br>POLICE OFFICER BRIAN REYNOLDS #4268<br>PHILADELPHIA POLICE DEPARTMENT<br>*individually and in his official capacity*<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>      and | JURY TRIAL DEMANDED<br><br>CIVIL ACTION<br><br>NO.<br><br>**14**     **7057** |

*PD*

*$400*

(continued on next page)                              :
POLICE OFFICER JOHN SPEISER #7169                     :
PHILADELPHIA POLICE DEPARTMENT                        :
*individually and in his official capacity*           :
1515 Arch Street, 14th Floor                          :
Philadelphia, PA 19102                                :
     and                     :
POLICE OFFICER MICHAEL SPICER #5180                   :
PHILADELPHIA POLICE DEPARTMENT                        :
*individually and in his official capacity*           :
1515 Arch Street, 14th Floor                          :
Philadelphia, PA 19102,                               :
     *Defendants.*           :

## COMPLAINT

## INTRODUCTORY STATEMENT

1.    Plaintiff, Edward Dominick – a United States Citizen who is entitled to precious rights dictated, maintained, and protected by the Pennsylvania Constitution and the United States Constitution, as well as applicable state law – brings this action for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 seeking redress for the extraordinary misconduct of the individual defendants who used improper and unconstitutional means to secure search warrants, execute searches, effectuate arrests, forcibly enter private property, search persons and property, and subject citizens to false arrest, unlawful detention, malicious prosecution, and false imprisonment, all by deception and misrepresentation. The actions and conduct of the individual defendant officers who were and still are members of the Philadelphia Police Department, were the result of the custom, policies, practices, and deliberate indifference of defendant, City of Philadelphia. Such actions and conduct includes, but is not limited to defendant, City of Philadelphia's failure to take disciplinary and remedial action against the individual defendant officers

and other Philadelphia police officers despite documented records of misconduct and abuses of authority, to assure proper training and supervision of members of the Philadelphia Police Department, and to implement meaningful procedures to discourage the type of action and conduct which forms the basis of plaintiff's claims in this case.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 (1), (3) and (4) and the aforementioned statutory and Constitutional provisions.     Plaintiff, Edward Dominick further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law as they arise out of a common nucleus of operative facts under 28 U.S.C. § 1367 (a).  Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.     Plaintiff, Edward Dominick is an adult individual who resides at 4529 N. Carlisle Street, Philadelphia County, Commonwealth of Pennsylvania.

4.     Defendant, City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs defendants, Police Officer Perry Betts, Police Officer Thomas Liciardello, Sergeant Joseph McCloskey, Police Officer Robert Otto, Police Officer Brian Reynolds, Police Officer John Speiser, and Police Officer Michael Spicer (hereinafter

referred to as "the defendants") with an office for service located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

5.     Defendant, Police Officer Perry Betts, Badge Number 6761, is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. He is being sued in his individual and official capacity.

6.     Defendant, Police Officer Thomas Liciardello, Badge Number 4383, is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. He is being sued in his individual and official capacity.

7.     Defendant, Sergeant Joseph McCloskey, Badge Number 331, is and was at all times relevant to this Complaint, a sergeant of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. He is being sued in his individual and official capacity.

8.     Defendant, Police Officer Robert Otto, Badge Number 413, is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. He is being sued in his individual and official capacity.

9.      Defendant, Police Officer Brian Reynolds, Badge Number 4628 is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. He is being sued in his individual and official capacity.

10.     Defendant, Police Officer John Speiser, Badge Number 7169, is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. He is being sued in his individual and official capacity.

11.     Defendant, Police Officer Michael Spicer, Badge Number 5180, is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. He is being sued in his individual and official capacity.

12.     At all times relevant hereto, defendants, Police Officer Perry Betts, Police Officer Thomas Liciardello, Sergeant Joseph McCloskey, Police Officer Robert Otto, Police Officer Brian Reynolds, Police Officer John Speiser, and Police Officer Michael Spicer (hereinafter referred to as "the defendant officers") were acting in the course and scope of their employment with defendant, City of Philadelphia.

13.     At all times relevant hereto, the defendant officers were acting in concert and conspiracy and their actions deprived the plaintiff of his constitutional rights and statutory rights.

14.     At all times relevant hereto, the defendant officers were acting under color of state law and authority.

15.     Defendant, City of Philadelphia is liable for all of the defendant officers' conduct and action as outlined in the instant pleading.

## FACTUAL ALLEGATIONS

16.     For more than twenty years, Philadelphia police officers, including but not limited to the defendant officers, who were assigned to various narcotics units with the Philadelphia Police Department, have engaged in a pattern and practice of securing search warrants based on fraud and misrepresentation, the misuse of informants, the improper execution of search warrants, the falsification of evidence, the destruction and theft of personal property – mostly money – and related misconduct.

17.     Defendant, City of Philadelphia has failed to take appropriate remedial measures to prevent misconduct of this nature.

18.     On or about November 4, 2005, plaintiff, Edward Dominick was lawfully present at the property located at 4558 Mole Street in Philadelphia, Pennsylvania.

19.     On the above referenced date and time, upon information and belief, the defendant officers unlawfully entered plaintiff, Edward Dominick's aforesaid residence and unlawfully detained him inside the aforesaid property.

20.     Upon information and belief, the aforesaid search warrant was issued by a Philadelphia Bail Commissioner and was predicated on an affidavit of probable cause sworn by defendant, Police Officer Thomas Liciardello.

21.     Upon information and belief, the affidavit of probable cause contained allegations that were false and the affiant and the other defendant officers knew or had reason to know of the falsity of these allegations.

22.     Upon information and belief, the misrepresentations contained in the affidavit of probable cause were material to the probable cause determination made by the judicial officer who authorized the search; indeed, without these allegations, the affidavit of probable cause contains no cause or reason to search the premises.

23.     The defendant officers obtained a search warrant for the plaintiff, Edward Dominick's aforesaid residence.

24.     The actions of defendant, Police Officer Thomas Liciardello in submitting materially false information in an affidavit of probable cause for a search warrant was part of a practice and custom of the defendant officers and other officers in the Philadelphia Police Department to secure search warrants based on false information.

25.     The individual defendants disregarded proper police practices regarding the use of search warrants and these actions let to the improper conduct in this case.

26.     During the search, police unlawfully seized from plaintiff, Edward Dominick's property $20,000.00 in United States Currency that belonged to him.

27.     At the aforesaid time and location, notwithstanding that there was no probable cause to place plaintiff, Edward Dominick under arrest, the defendant officers placed him under arrest and detained him.

28.     Subsequently, notwithstanding that there was no basis for same, the defendant officers caused plaintiff, Edward Dominick to be arrested and charged with Manufacture, Delivery, and Possession with the Intent to Manufacture and Delivery,

Conspiracy, Intentional Possession of a Controlled Substance by a Person not Registered and Use/Possession of Drug Paraphernalia.

29. As a result of the conduct of the defendant officers, plaintiff, Edward Dominick was detained for the date of his arrest and for many months after.

30. Also as a result of the conduct of the defendant officers, plaintiff, Edward Dominick was required to post bail to secure his release from custody.

31. Also as a result of the conduct of the defendant officers, plaintiff, Edward Dominick was forced to retain the services of counsel and incur legal costs and to appear in court on a number of occasions in connection with the defense of false and fraudulent criminal charges lodged against him.

32. Also as a result of the conduct of the defendant officers, plaintiff, Edward Dominick suffered and will continue to suffer great mental anguish, extreme mental distress, overall pain and suffering, depression, nervousness, humiliation, personality change and a loss of natural enjoyment of life and life's pleasures.

33. The defendant officers, acting in concert and conspiracy, caused the plaintiff, Edward Dominick to be unlawfully detained, falsely arrested, maliciously prosecuted, and falsely imprisoned by falsifying information contained within the search warrant affidavit, failing to disclose to prosecutors the fact that the information provided to the judicial officer in support of the search warrant was false and misleading, fabricating evidence to support the claim that the plaintiff was involved in criminal activity, and failing to disclose other exculpatory evidence regarding the aforesaid criminal charges.

34. On December 13, 2012, the criminal charges brought against the plaintiff, Edward Dominick were nolle prossed.

35.     At no time relevant hereto did plaintiff, Edward Dominick violate any laws or engage in any criminal behavior to justify the actions of all defendants.

36.     At no time relevant hereto could or did the defendants reasonably believe that their conduct toward plaintiff, Edward Dominick was lawful, privileged, or otherwise permissible under the laws or Constitutions of the United States and the Commonwealth of Pennsylvania, or that the laws regarding the rights of citizens such as plaintiff was in any way unsettled.

37.     The unlawful detention, false arrest, malicious prosecution, and false imprisonment of plaintiff, Edward Dominick were the direct result of all defendants' pattern practice, and custom of subjecting citizens such as plaintiff to arrest, prosecution, and incarceration the absence of probable cause.

38.     At all times relevant hereto, the defendant officers acted willfully, deliberately, maliciously or with reckless disregard of plaintiff, Edward Dominick's constitutional and statutory rights.

39.     As a direct and proximate result of the actions of all defendants, plaintiff, Edward Dominick suffered and continues to suffer emotional distress, psychological harm, pain and suffering, and damage to his reputation, some or all of which may be permanent.

40.     All defendants engaged in the aforesaid conduct for the purpose of violating plaintiff, Edward Dominick's constitutional rights by subjecting him to unlawful arrest, malicious prosecution, and baseless detention and/or incarceration.

41.     All defendants engaged in the aforesaid conduct deliberately, intentionally, maliciously, outrageously, willfully, wantonly, and constitute conduct so egregious as to shock the conscience.

42.     Defendant, City of Philadelphia knew or should have known of the constitutional deprivations committed by the defendant officers through the administration of the general policies and practices within the Philadelphia Police Department. Furthermore, the aforesaid defendant neglected and refused to enforce existing law or systematically mal-administered the law.

43.     Defendant, City of Philadelphia was in violation of the law for failing to reprimand and/or discharge or otherwise discipline police officers found to have engaged in this activity, failing to warn police officers to this type of conduct, failing to formally promulgate and disseminate and train police officers with appropriate and reasonable guidelines for the use of offensive conduct by Philadelphia police officers and is directly liable and responsible for the acts of the defendant officers.

44.     Defendant, City of Philadelphia knew or should have known of the constitutional deprivations committed by its police officers through the administration of the general policies and practices within the Philadelphia Police Department.

45.     Defendant, City of Philadelphia neglected and refused to enforce existing law or systematically mal-administered the law.

46.     Defendant, City of Philadelphia was also in violation of the law for failing to reprimand and/or discharge or otherwise discipline police officers found to have engaged in this activity, failing to warn police officers to this type of conduct, failing to formally promulgate and disseminate and train police officers with appropriate and reasonable guidelines for the use of offensive conduct by Philadelphia police officers and is directly liable and responsible for the acts of the defendant officers.

47.     Defendant, City of Philadelphia is liable for the acts of the defendant officers because the City of Philadelphia, as a matter of policy and practice, has with deliberate indifference, tolerated and permitted the pattern of deprivation of constitutional rights – such as improper searches, seizures, arrests, and prosecutions – by its police officers, failed to maintain a proper system for review, and failed to properly sanction or discipline the members of the Philadelphia Police Department, including the defendant officers in this case, for violations of the constitutional rights of citizens, with the result that police officers from the City of Philadelphia were encouraged to believe that they could violate the rights of persons such as the plaintiff with impunity.

48.     Defendant, City of Philadelphia, as a matter of policy and practice, has with deliberate indifference failed to reprimand, sanction or discipline police officers, including the defendant officers, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers, thereby causing and encouraging police, including the individually named defendants in this action, to engage in unlawful conduct.

49.     The actions and omissions of all defendants deprived plaintiff, Edward Dominick of his precious rights, privileges and immunities secured unto him by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983 as alleged in this Complaint.

50.     The aforesaid conduct of all defendants was committed alone, together, and in conspiracy with one another.

51.     As a direct and proximate result of all defendants' unwarranted, illegal and unconstitutional actions, plaintiff, Edward Dominick was unlawfully incarcerated and falsely imprisoned for many months.

52.     As a direct and proximate result of all defendants' unwarranted, illegal and unconstitutional actions, plaintiff, Edward Dominick was disposed of $20,000.00 by the defendant officers.

53.     As a direct and proximate result of all defendants' unwarranted, illegal and unconstitutional actions, plaintiff, Edward Dominick sustained horror, depression, humiliation, nervousness, and chagrin, as well as mental and emotional distress, and a loss of natural enjoyment of life and life's pleasures.

54.     The damages suffered by plaintiff, Edward Dominick were the direct and proximate result of the conduct of all defendants, jointly, severally, directly or vicariously.

### COUNT I
### PLAINTIFF V. ALL DEFENDANTS
### CIVIL RIGHTS VIOLATIONS

55.     The allegations set forth in paragraphs 1 through 54, inclusive, are incorporated herein as though fully set forth.

56.     As a direct and proximate result of the actions and omissions of all defendants' conduct, committed under color of state law, plaintiff, Edward Dominick was deprived of his rights under the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof and in violation of 42 U.S.C. § 1983; the right to be free from false arrest and detention, unlawful search and seizure, malicious prosecution, to right to be secure in one's person and property and to due process of law.

57.     Defendants, alone and/or with others, conspired to violate and/or did violate the constitutional rights of plaintiff, Edward Dominick.

58.     As a result, plaintiff, Edward Dominick suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States in particular the Fourth and Fourteenth Amendments, and 42 U.S.C. § 1983.

59.     As a direct and proximate result of the acts of all defendants, plaintiff, Edward Dominick sustained injuries, emotional harm, loss of liberty, and financial losses, all to his detriment and harm.

60.     Defendant, City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

(a)     Unlawful detentions and unlawful arrests by members of the Philadelphia Police Department, including the defendant officers;

(b)     The proper exercise of police powers, including but not limited to the use of false information to obtain search warrants, fabrication of evidence, false arrest, malicious prosecution, and unlawful detention;

(c)     The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

(d)     The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

(e)     Police Officers' use of their status as police officers to employ the use of false arrest, unlawful detention, malicious prosecution, theft, or to achieve ends not reasonably related to their police duties;

(f)     Police Officers' use of their status as police officers to achieve ends not reasonably related to police duties;

(g)     The failure of police officers to follow established policies, procedures, directives and instructions regarding the securing of search warrants and the use of arrest powers under such circumstances as presented in this case;

(h)     The refusal of police officers to intervene when other officers violate the rights of citizens in their presence;

(i)      The failure to identify and take remedial or disciplinary action against units of officers assigned to narcotics investigations in light of repeated instances of misconduct over a period of many years as alleged in this Complaint; and

(j)      The refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence;"

(k)     Police Officers' use of their status as police officers to invoke the Code of Silence; and

(l)      The ability of police officers to steal from people whom they control without being held accountable for same.

61.     Defendant, City of Philadelphia failed to properly train, supervise, or discipline officers assigned to narcotics units of the Philadelphia Police Department who have engaged over a period of many years in systematic abuses of authority, including but not limited to (a) the duty to provide only truthful information in securing search and arrest warrants, (b) the duty to ensure that relationships and dealings with confidential informants are in accord with Police Department policy and constitutional commands, (c) the duty to disclose exculpatory evidence in criminal cases; (d) their duty not to undertake arrests in the absence of lawful grounds; (e) the duty to provide accurate and truthful information to the prosecutor's office; (f) the duty to report and disclose misconduct and illegal actions of other police officers (g) the improper execution of search warrants, and in particular

prohibitions on searches that go beyond those authorized by the warrant, and/or involve the destruction or theft of property or evidence; and (h) the fabrication of evidence against an accused to justify their illegal actions and conduct.

62.     Defendant, City of Philadelphia failed to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as plaintiff.

63.     Defendant, City of Philadelphia is deliberately indifferent to the need to train, supervise, and discipline police officers. The Internal Affairs Division (IAD) of the Philadelphia Police Department fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

(a)     There are excessive and chronic delays in resolving disciplinary complaints;

(b)     There is a lack of consistent, rational and meaningful disciplinary and remedial actions;

(c)     There is failure to effectively discipline substantial numbers of officers who were found to engage in misconduct;

(d)     The Philadelphia Police Department's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

(e)     The Philadelphia Police Department discipline, as practices, is incident based rather than progressive. Thus repeat violators are not being penalized in proportion to the number of violations;

(f)     The conduct of IAD investigations demonstrates that the Philadelphia Police Department Internal Affairs' personnel are not adequately trained and supervised in the proper conduct of such investigations;

(g) A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

(h) There are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusion;

(i) The Philadelphia Police Department lacks an effective early warning system to identify, track, and monitor "problem" police officers;

(j) Despite the fact that several of the defendant officers had amassed an exceptionally large number of serious misconduct complaints, the officers stayed well below the radar of an early warning system;

(k) Despite numerous prior complaints against several of the defendant officers, the Philadelphia Police Department took no meaningful disciplinary or remedial actions;

(l) Despite numerous prior complaints against several of the defendant officers, the Philadelphia Police Department took no meaningful steps to more closely monitor, re-train, or supervise the officers;

(m) IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct.  The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases; and

(n) IAD fails to acknowledge the frequent reports of theft of property – most often money – by members of the Philadelphia Police Department when those officers arrest, or merely enter a vehicle or property and there is no basis to even seize the property, or money.

64.     Defendants have by the above described actions deprived the plaintiff, Edward Dominick of rights secured unto him by the Fourth and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. § 1983.

**WHEREFORE**, plaintiff, Edward Dominick demands judgment against all defendants, jointly and severally, in an amount in excess of two hundred and fifty thousand

($250,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**COUNT II**
**PLAINTIFF V. ALL DEFENDANTS**
**CONVERSION**

65.     The allegations set forth in paragraphs 1 through 64, inclusive, are incorporated herein as through fully set forth.

66.     The defendant officers improperly and without justification removed $20,000.00 from plaintiff, Edward Dominick's home during his arrest.

67.     The defendant officers did not intend to return such property to plaintiff and intended to convert such property for their own use by exercising complete dominion over such property.

68.     Since his arrest, plaintiff has been denied the right to use and enjoy the property taken by the defendant officers.

69.     Defendant, City of Philadelphia is liable for the defendant's aforesaid conduct because it occurred during the course and scope of the defendant officers' employment with the defendant, City of Philadelphia.

70.     The acts of the aforesaid defendants, as alleged in the preceding paragraphs, constitute conversion, all to plaintiff's great detriment and loss.

**WHEREFORE**, plaintiff, Edward Dominick demands judgment against all defendants, jointly and severally, in an amount in excess of two hundred and fifty thousand ($250,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

## COUNT III
## PLAINTIFF V. ALL DEFENDANTS
## FALSE ARREST AND FALSE IMPRISONMENT

71.     The allegations set forth in paragraphs 1 through 70, inclusive, are incorporated herein as through fully set forth.

72.     The defendant officers arrested plaintiff, Edward Dominick without probable cause, caused criminal proceedings to be commenced and continued against plaintiff with malice and without probable cause, as a result thereof plaintiff was falsely arrested and falsely imprisoned.

73.     The defendant officers, acting as agents and on behalf of defendant, City of Philadelphia caused criminal proceedings to be commenced and continued against plaintiff to accomplish a purpose for which criminal process was not designed.

74.     Defendant, City of Philadelphia is liable for the defendant's aforesaid conduct because it occurred during the course and scope of the defendant officers' employment with the defendant, City of Philadelphia.

75.     As a direct and proximate result of the actions and omissions of all defendants, plaintiff, Edward Dominick was falsely arrested and falsely imprisoned.

76.     The actions and omissions of all defendants were done purposefully with the intent of committing false arrest and false imprisonment and/or were done in reckless disregard of the probability of causing plaintiff to be falsely arrested and falsely imprisoned and these actions did in faction result in false arrest and false imprisonment, all to plaintiff's great detriment and loss.

**WHEREFORE**, plaintiff, Edward Dominick demands judgment against all defendants, jointly and severally, in an amount in excess of two hundred and fifty thousand ($250,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**COUNT IV**
**PLAINTIFF V. ALL DEFENDANTS**
**MALICIOUS PROSECUTION AND**
**MALICIOUS ABUSE OF PROCESS OF LAW**

77.     The allegations set forth in paragraphs 1 through 76, inclusive, are incorporated herein as through fully set forth.

78.     The defendant officers, within the scope of their employment, wrongfully, unlawfully and maliciously prosecuted plaintiff by issuing a complaint which charged him with false and fictitious crimes as stated above.

79.     Defendant, City of Philadelphia is liable for the defendant's aforesaid conduct because it occurred during the course and scope of the defendant officers' employment with the defendant, City of Philadelphia.

80.     The actions of the aforesaid defendants, as alleged in the preceding paragraphs, were done purposefully with the intent of committing malicious prosecution and malicious abuse of process of law, or were done in reckless disregard of the probability of causing malicious prosecution and malicious abuse of process of law, and these actions did in fact result in malicious prosecution and malicious abuse of process of law, all to plaintiff's great detriment and loss.

**WHEREFORE**, plaintiff, Edward Dominick demands judgment against all defendants, jointly and severally, in an amount in excess of two hundred and fifty thousand

($250,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**COUNT IV**
**PLAINTIFF V. ALL DEFENDANTS**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

81.     All the averments contained in paragraphs 1 through 80 of Plaintiff's Complaint are incorporated at length herein.

82.     Defendant, City of Philadelphia is liable for the defendant officers' aforesaid conduct because it occurred during the course and scope of the defendant officers' employment with the defendant, City of Philadelphia.

83.     As a direct and proximate result of the reckless and intentional conduct of all defendants, as described above, plaintiff, Edward Dominick has suffered substantial mental pain and suffering and severe emotional distress and injury.

**WHEREFORE**, plaintiff, Edward Dominick demands judgment against all defendants, jointly and severally, in an amount in excess of two hundred and fifty thousand ($250,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**LAW OFFICES OF GUY R. SCIOLLA**

_____
Guy R. Sciolla, Esquire
Identification No. 19051
Attorney for Plaintiff, Edward Dominick
1910 Land Title Building
100 South Broad Street
Philadelphia, PA 19110
Telephone: 215-972-1544
Telecopier: 215-972-1545

## JURY TRIAL DEMAND

Plaintiff, Edward Dominick demands a trial by jury as to each count.

**WHEREFORE**, plaintiff, Edward Dominick requests the following relief, as to each cause, count and defendant:

a)   compensatory damages in excess of $250,000.00;

b)   punitive damages;

c)   reasonable attorneys fees and costs; and

d)   such further relief as the Court shall deem just and proper.

### LAW OFFICES OF GUY R. SCIOLLA

GUY R. SCIOLLA, Esquire
Identification No. 19051
Attorney for Plaintiff, Edward Dominick
1910 Land Title Building
100 South Broad Street
Philadelphia, PA 19110
Telephone: 215-972-1544
Telecopier: 215-972-1545

## VERIFICATION

I, Edward Dominick, hereby verify that I have read the foregoing Pleadings and state that the averments therein are true and correct to the best of my knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to authorities and which provides that id I knowingly make false averments I may be subject to criminal penalties.


_____
EDWARD DOMINICK